JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Anderson Energy Group (Ohio), LLC

**DEFENDANTS**
Endeavor Ohio, LLC; Endeavor Energy Resources, LP

**(b)** County of Residence of First Listed Plaintiff   Tulsa, OK
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Dallas County, Texas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Trey H. Crawford
Gruber Hurst Johansen Hail Shank, LLP, 1445 Ross, Suite 2500, Dallas
214-855-6800

Attorneys *(If Known)*
John Louis Randolph
Pray Walker, 100 W. 5th Street, #900, Tulsa, OK 74103
(918) 581-5500

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|                                      | PTF | DEF |                                                                 | PTF | DEF |
|--------------------------------------|-----|-----|-----------------------------------------------------------------|-----|-----|
| Citizen of This State                | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State    | ☐ 4 | ☒ 4 |
| Citizen of Another State             | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                                                  | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☒ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Breach of Contract, Declartory Judgment and Tortious Interference action regarding oil and gas leases

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
*(See instructions):*   JUDGE U.S. Dist Court, Hon. Gregory Frizzell   DOCKET NUMBER 12-CV-00430-GKF-TLW

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 05/10/2013 | s/ Trey H. Crawford |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ANDERSON ENERGY GROUP (OHIO), LLC, an Oklahoma limited liability company, ) ) ) ) | |
| Plaintiff. ) ) | |
| v. ) ) | Case No. _____ |
| ENDEAVOR OHIO, LLC, a Texas limited liability company; and ENDEAVOR ENERGY RESOURCES, LP, a Texas limited partnership, ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff, Anderson Energy Group (Ohio), LLC, and files this its Complaint against Defendants, Endeavor Ohio, LLC and Endeavor Energy Resources, LP, and for causes of action respectfully shows the Court as Follows:

## PARTIES

1. Plaintiff, Anderson Energy Group (Ohio), LLC ("Anderson"), is an Oklahoma limited liability company with its principal place of business in Tulsa, Oklahoma.

2. Defendant, Endeavor Ohio, LLC ("Endeavor"), is a Texas limited liability company with its principal place of business in Dallas, Texas.

3. Defendant, Endeavor Energy Resources, LP ("EER"), is a Texas limited partnership with its principal place of business in Midland, Texas. EER is also referred to in various communications as "Midland."

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 1**

## JURISDICTION AND VENUE

4.  The amount in controversy, exclusive of interests and costs, exceeds $75,000.00. The jurisdiction of this Court is based upon diversity of citizenship pursuant to 28 USC § 1332. Venue is proper in this judicial district by virtue of 28 USC § 1391.

1.  Plaintiff respectfully informs the Court that this case was originally filed on August 1, 2012 in the United States District Court for the Northern District of Oklahoma. On May 8, 2013 the Honorable Gregory K. Frizzell, Chief United States District Judge, dismissed the action for lack of personal jurisdiction.[1] Hence, this case is re-filed in this Court.

## FACTUAL BACKGROUND

2.  Anderson and Endeavor entered into an agreement whereby Anderson agreed to provide personal services to assist Endeavor in connection with the potential sale of oil and gas lease acreage to Carrizo (Utica) LLC ("Carrizo"). In exchange, Endeavor agreed to pay Anderson $200.00 per acre for each acre closed by Carrizo.

3.  When the contract of sale between Endeavor and Carrizo approached closing, Endeavor's President, Ron Broadway, sent Anderson a written agreement memorializing the personal services agreement described in paragraph 5, *infra*. In the email that included the memorialized agreement, Broadway stated to Sid Anderson, Anderson's managing member: "Once you have reviewed and agreed to format I will print and execute."

4.  Mr. Anderson responded on June 17, 2012 with some minor revisions to the written agreement to "more closely reflect[]" the "understanding of our agreement."

---

[1] Pursuant to Local Rule 3.3, Plaintiff's Notice of Related Case is attached hereto as Exhibit A.

2

5. Instead of receiving the executed agreement, Mr. Anderson received an email from John Calce, co-founder and Chairman of Endeavor, in which Mr. Calce stated that the agreement could not be executed given "the time frame we are dealing with." However, Mr. Calce was careful to acknowledge that, regardless of the alleged inability to execute a more formal writing, an enforceable agreement existed that ensured payment to Anderson. In his email, Mr. Calce stated: "… Endeavor Ohio has paid brokers millions of dollars in commissions for helping with transactions in Ohio with no agreement other than a handshake. If you can help Carrizo issue Endeavor Ohio a contract to purchase the ~7000 acres we discussed on Friday (and if they can close within 30 days on terms acceptable to Endeavor Ohio) we can assure you that you will be paid $200 per acre of those ~7000 acres that are actually closed by Carrizo."

6. Following the June 17, 2012 email from the Chairman of Endeavor, Mr. Anderson sought confirmation from Ron Broadway, President of Endeavor, that the parties' agreement would be honored by Endeavor. In response, Mr. Broadway assured Mr. Anderson that, "You will not get screwed …" and was told "… I made everyone agree to pay you $200 per acre if Carrizo could perform …."

7. Neither Broadway nor Calce indicated in any way that they were without authority to enter into the services agreement with Anderson. At no time was Anderson provided with information from anyone that Mr. Broadway or Mr. Calce lacked authority to enter into the agreement. Quite the contrary, all facts, statements, and communications—including, *inter alia*, Calce's position as co-founder and Chairman of Endeavor—established Calce's actual, implied, and apparent authority. This allegation is

3

material in light of belated allegations by the General Counsel of EER that Calce lacked authority. (*See* ¶ 14, *infra*).

8. Anderson performed all of its duties and obligations under the agreement. As a result of Anderson's services, Carrizo purchased a substantial number of oil and gas lease interests from Endeavor. Although the total acreage sold has not been determined by Plaintiff, it is believed that the acreage sold exceeds 4,500 acres.

9. At approximately 3:58 pm CDT on July 30, 2012, Anderson received an email from Mike Short, General Counsel and Vice President, Land, of EER (a/k/a Midland) inquiring about Anderson's commission for the sale of the oil and gas lease interests from Endeavor to Carrizo. Mr. Short does not claim to be general counsel for Endeavor. Instead, he is the general counsel for EER. Endeavor is a wholly-owned subsidiary of EER.

10. That email from Mr. Short stated in relevant part:

"I have been provided nothing that indicates that there is any authorized or unauthorized agreement that establishes your right to receive a commission of any kind.

* * *

You are advised that if you interfere with or cause the delay of the scheduled Carrizo closing in any manner, Endeavor Ohio LLC will take all immediate steps necessary and required to protect its interest, which unfortunately will necessitate the immediate filing of suit for, among other causes of action, injunctive relief, tortuous [*sic*] interference, declaratory relief and damages."

Not only were Mr. Short's accusations and threats contrary to the undisputed facts regarding the agreement to pay Anderson, but they were also diametrically opposed to the multiple written and oral assurances received by Anderson from officers at Endeavor, the entity with which Anderson contracted.

4

11. A few hours later, Mr. Short sent another email to Anderson. In the second email, Mr. Short falsely claimed that Ron Broadway had no authority to agree to a contract with Anderson. Mr. Short stated, in between various threats of litigation, that "Endeavor Ohio intends to pursue its closing(s) with Carrizo. It intends to [*sic*] for those closings to go smoothly, on time, and without interference from any outside third party."

12. Short sent a third email to Anderson at approximately 11:29 am CDT on July 31, 2012 apparently repudiating the agreement between Anderson and Endeavor and asserting, in part:

"1. Carrizo's position is that they have no agreement or obligation to compensate you or your company on the Endeavor Ohio (EO) – Carrizo closing(s).

2. Carrizo has informed EO that you and or your company have demanded a commission at the closing(s) of the EO-Carrizo transaction.

* * *

5. There is no written agreement between EO and you or your company to pay a commission to either of you at the closing of the EO-Carrizo transaction.

6. The vehicles I see to resolve this matter are (a) obtain a General Release from you and your company for any commission alleged due at the closing(s), and proceed to close the EO-Carrizo transaction, or (b) attempt to close the transaction under one the other enumerated options, including escrow, which will establish the requisite damages, then file suit against you and your company to determine who, if anyone, owes you or your company a commission.

7. There may be other options that we can discuss to avert unintended consequences. Since tomorrow is the first scheduled closing, time is of the essence in reaching an agreement today.

I am open to discuss with you the serious matters outlined above and any other matter you wish to discuss relative to Endeavor Ohio's properties in the state of Ohio. **As previously indicated, I**

5

**am also ready to discuss a reasonable payment in exchange for the General Release. I look forward to visiting with you this afternoon at 4:30 and reaching a positive resolution to this matter**."

(Emphasis added). Despite repeated assertions that no agreement existed, Mr. Short also demanded that Anderson provide "a General Release" for any commission.

13. Subsequently, Mr. Anderson agreed to participate in a phone conference with Mr. Short to be held on the afternoon of July 31, 2012 to discuss, as was represented to Mr. Anderson, "reaching a positive resolution to this matter."

14. However, the July 31 conversation was neither a mutual exchange of views regarding the dispute, nor did it consist of settlement negotiations. Mr. Short dominated the conversation, sprayed an array of totally inapplicable "defenses" to payment, ultimately acknowledged that he had not even seen all the relevant documents, spewed a variety of threats against Mr. Anderson, and remarkably stated that if the closing with Carrizo did not proceed as scheduled Mr. Anderson would be "Target One." That threat was nothing less than a violation of federal law.

15. Mr. Short unprofessionally breached the obligations which he owed to his company (as General Counsel) and Mr. Anderson, by using a conversation intended to agree or make a "reasonable payment" to Anderson as an opportunity to berate, demean, and employ scare tactics to avoid Endeavor's legal obligations.

16. Mr. Short's correspondence and related misconduct have established, beyond peradventure of doubt, that Endeavor does not intend to comply with its agreement and pay Anderson the specified and mutually agreed upon $200 per acre in accordance with the agreement. As a result of Endeavor's failure to perform, Anderson has suffered substantial damage.

6

17. Prior to the close of the sale of oil and gas lease acreage interests to Carrizo, EER interfered with the contract between Anderson and Endeavor with respect to the commission due Anderson for the sale of the oil and gas lease acreage from Endeavor to Carrizo.

18. EER's actions represented the intentional actions of a non-party to interfere with the performance required by Endeavor, causing damage to Anderson.

19. Endeavor, EER, or both, have received, or will receive, payment, and will be enriched due to the actions of Anderson that were performed pursuant to the contract between Anderson and Endeavor.

## CLAIMS FOR RELIEF

### I.      DECLARATORY RELIEF

20. Paragraphs 1 through 19 are incorporated by reference.

21. This is a claim by Anderson for declaratory relief under and pursuant to 28 USC § 2201 for the purpose of determining questions of actual, justiciable controversy.

22. Because of the foregoing, an actual controversy exists with respect to the payment obligations of Endeavor under the contract with Anderson. Declaratory relief is necessary to adjudicate the respective rights and obligations of Anderson and Endeavor.

23. Anderson seeks a declaration that it is owed a commission under the personal services contract relating to the sale of oil and gas lease interests from Endeavor to Carrizo in the amount of $200 per acre as set forth in that agreement.

### II.     BREACH OF CONTRACT

24. Paragraphs 1 through 23 are incorporated by reference.

25. This is a claim against Defendant Endeavor for breach of contract.

26. Anderson and Endeavor entered into a valid and enforceable agreement.

27. In accordance with the terms of the agreement reached between Anderson and Endeavor, Anderson is owed a commission of $200.00 per acre of the acres that were purchased by Carrizo from Endeavor.

28. Endeavor has breached the agreement by repudiating its obligations under the Agreement.

29. As a direct result of the breach of contract, Anderson has suffered actual damages in excess of $75,000.00, the actual amount of which shall be proven at trial based on the acreage sold by Endeavor to Carrizo.

30. Additionally, pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 38.001, Anderson hereby seeks and is entitled to recover all of its reasonable and necessary attorneys' fees incurred in connection with this matter.

31. All conditions precedent to Anderson's right to recovery have been performed, have been excused, and/or have previously occurred.

### III. QUANTUM MERUIT / UNJUST ENRICHMENT

32. Paragraphs 1 through 31 are incorporated by reference.

33. Pleading in the alternative, to the extent necessary, in the event that the Court does not find the existence of an enforceable agreement, Anderson is entitled to recover under the doctrine of quantum meruit and unjust enrichment.

34. As set forth herein, Anderson conferred valuable benefits upon Endeavor and/or EER by providing services in connection with the sale of oil and gas leases interests to Carrizo by Endeavor and/or EER.

35. Endeavor and EER had knowledge of the benefits they received from Anderson in the form of services and knowingly accepted those benefits and services.

36. Endeavor and EER received those benefits and services at the expense of Anderson.

37. Endeavor and EER had reasonable and actual notice that Anderson expected compensation for the benefits and services Anderson rendered.

38. Under the circumstances, Endeavor and EER have been unjustly enriched by the services rendered by Anderson and it would be inequitable for Endeavor to retain these benefits without repayment to Anderson.

39. As a result, Anderson hereby seeks and is entitled to recover from Defendants all of Anderson's actual damages, including, but not limited to, the recovery of the reasonable value of the benefits and services provided to Defendants.

40. Additionally, pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 38.001, Anderson hereby seeks and is entitled to recover all of its reasonable and necessary attorneys' fees incurred in connection with this matter.

## IV.    PROMISSORY ESTOPPEL

41. Paragraphs 1 through 40 are incorporated by reference.

42. Pleading in the alternative, to the extent necessary, in the event that the Court does not find the existence of an enforceable agreement, Anderson is entitled to recover under the doctrine of promissory estoppel.

43. As set forth herein, Defendants made oral and written promises to Anderson, as well as promises that may be reasonably inferred by Defendants' conduct.

44. Anderson reasonably and substantially relied upon those promises to Anderson's detriment.

45. Anderson's reliance upon Defendants' promises was not only reasonably foreseeable, but expressly acknowledged by Defendants.

46. Under the facts and circumstances of this case, injustice can be avoided only by enforcing Defendants' promises and awarding Anderson any and all of its reliance damages and other actual damages that would restore Anderson to the position it was in prior to Defendants' promises made to Anderson. Additionally, Anderson hereby seeks and is entitled to recover its reasonable and necessary attorneys' fees incurred in connection with this action.

### V. TORTIOUS INTERFERENCE WITH CONTRACT

47. Paragraphs 1 through 46 are incorporated by reference.

48. This is a claim against EER for tortious interference with contract.

49. Anderson and Endeavor entered into a valid and enforceable contract.

50. EER had actual knowledge of the agreement between Anderson and Endeavor, or alternatively, had knowledge of facts and circumstances that would lead a reasonable person to believe there was an agreement in which Anderson had an interest.

51. By reason of the conduct described above, EER has willfully, intentionally, and wrongfully interfered with Anderson's contractual rights regarding its contract with Endeavor. Such interference was neither justified, nor excusable, and constitutes a wanton and reckless disregard for Anderson's contractual rights with Endeavor.

52. As a direct and proximate result of EER's conduct, Plaintiff has suffered actual damages in excess of $75,000.00, the actual amount to be proven at trial.

### VI. TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONS

53. Paragraphs 1 through 52 are incorporated by reference.

54. Pleading in the alternative, to the extent necessary, in the event that the Court does not find the existence of an enforceable agreement, Anderson is entitled to recover against EER for tortious interference with a prospective business relationship.

55. As more fully set forth herein, and pleading in the alternative, there was a reasonable probability that Anderson would have entered into a business relationship with Endeavor.

56. EER intentionally interfered with that relationship.

57. EER's conduct was independently tortious and wrongful.

58. EER's interference proximately caused Anderson's injury, of which it now complains.

59. As a direct and proximate result of EER's conduct, Anderson has suffered actual damages in excess of $75,000.00, the actual amount to be proven at trial.

### VII. ENTITLEMENT TO PUNITIVE AND EXEMPLARY DAMAGES

60. Paragraphs 1 through 59 are incorporated by reference.

61. This is a claim against EER for punitive and exemplary damages arising from EER's liability with respect to Counts V and VI.

62. EER has acted intentionally and with malice and gross negligence toward Anderson. The conduct of EER rises to the level of willful, malicious, and grossly negligent conduct for which it should be punished by an award to Anderson of exemplary

and punitive damages in an amount sufficient, taking into consideration the assets and worth of EER, to render the consequences of its conduct an example to themselves. In this regard, and under the specific facts of this case, EER is liable for punitive damages in an amount equal to two times the actual economic damages suffered by Anderson as a result of EER's tortious interference.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Anderson Energy Group (Ohio), LLC, prays for judgment against the Defendants, Endeavor Ohio, LLC, and Endeavor Energy Resources, LP, as follows:

A.   With respect to Claim I for declaratory judgment, a declaration by the Court adjudicating the respective rights and obligations of Anderson and Endeavor in accordance with the relief set forth in Claim I;

B.   With respect to Claim II for breach of contract, actual damages against Endeavor in an amount to be proved at trial, but which exceed $75,000.00, as well as all reasonable and necessary attorneys' fees incurred;

C.   With respect to Claim III for quantum meruit / unjust enrichment, payment by Endeavor and/or EER in an amount in excess of the valuable services provided by Anderson in connection with the sale of oil and gas lease interests from Endeavor to Carrizo, as well as all reasonable and necessary attorneys' fees incurred;

D.   With respect to Claim IV for promissory estoppel, payment by Endeavor and/or EER in an amount in excess of the valuable services provided by Anderson in connection with the sale of oil and gas lease interests from Endeavor to Carrizo, as well as all reasonable and necessary attorneys' fees incurred;

E.      With respect to Claim V for tortious interference against EER, (i) actual damages in an amount to be proved at trial, but which exceed $75,000.00 and (ii) exemplary and punitive damages as claimed in Count VII;

F.      With respect to Claim VI for tortious interference with prospective business relations against EER, (i) actual damages in an amount to be proved at trial, but which exceed $75,000.00 and (ii) exemplary and punitive damages as claimed in Count VII;

G.      With respect to Claim VII for punitive and exemplary damages arising from EER's liability with respect to Counts V and VI, (i) judgment against EER for punitive damages in an amount equal to two times the actual economic damages suffered by Anderson as a result of EER's tortious interference

H.      An award of all costs incurred by Plaintiff in bringing and prosecuting this action, including reasonable and necessary attorneys' fees;

I.      Pre-judgment interest and, where applicable, post-judgment interest on the amounts owed Plaintiff by Defendants; and

J.      Such other relief to which Plaintiff is entitled at law or in equity.

Dated: May 10, 2013  Respectfully submitted,

                  **GRUBER HURST JOHANSEN HAIL SHANK L.L.P.**

        By:   /s/ Trey H. Crawford
            TREY H. CRAWFORD
             State Bar No. 24059623
            ETHAN A. MINSHULL
             State Bar No. 24081045

            Fountain Place
            1445 Ross Avenue, Suite 2500
            Dallas, Texas 75202
            214/855-6800 (main)
            214/855-6808 (facsimile)
            TCRAWFORD@GHJHLAW.COM
            EMINSHULL@GHJHLAW.COM

            **ATTORNEYS FOR PLAINTIFF ANDERSON ENERGY GROUP (OHIO), LLC**

            *APPLICATION FOR ADMISSION VIA PRO HAC VICE IS BEING PREPARED AND WILL BE PROMPTLY SUBMITTED FOR:*

            JOEL L. WOHLGEMUTH
            Oklahoma Bar No. 9811
            Norman Wohlgemuth Chandler & Jeter, P.C.
            401 South Boston Avenue
            Suite 2900
            Tulsa, Oklahoma 74103
            P: (918) 583-7571
            F: (918) 584-7846
            jlw@nwcjlaw.com

**EXHIBIT "A"**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| ANDERSON ENERGY GROUP ) <br> (OHIO), LLC, an Oklahoma limited ) <br> liability company, ) <br> ) <br> Plaintiff. ) <br> ) <br> v. ) <br> ) <br> ENDEAVOR OHIO, LLC, a Texas ) <br> limited liability company; and ) <br> ENDEAVOR ENERGY RESOURCES, ) <br> LP, a Texas limited partnership, ) <br> ) <br> Defendants. ) | Case No. _____ <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S NOTICE OF RELATED CASE PURSUANT TO LOCAL RULE 3.3**

Pursuant to Local Rule 3.3, Plaintiff hereby files its Notice of Related Case and includes the information set forth in Local Rule 3.3(a).

**Style of the Case:**

Anderson Energy Group (Ohio), LLC, an Oklahoma limited liability company v. Endeavor, Ohio, LLC, a Texas limited liability company; and Endeavor Energy Resources, LP, a Texas limited partnership; In the United States District Court for the Northern District of Oklahoma; *Cause No. 12-CV-430-GKF-TLW*.

**Presiding Judge:**

United States District Court Judge for the Northern District of Oklahoma, Honorable Gregory K. Frizzell

**Relationship to this Matter:**

On May 8, 2013, the United States District Court Judge for the Northern District of Oklahoma, Honorable Gregory K. Frizzell, entered an Order dismissing Case No. 12-CV-430-GKF-TLW on personal jurisdiction grounds. Hence this case is being re-filed in this Court.

15